[L.A. No. 31689. Sept. 8, 1983.]

DAVID W. WILSON, Plaintiff and Appellant, v.
SUNSHINE MEAT AND LIQUOR COMPANY,
Defendant and Respondent.

556

Counsel

Joseph Behar and Arthur Azdair for Plaintiff and Appellant.

Haight, Dickson, Brown & Bonesteel, Roy G. Weatherup, Dennis K. Wheeler and Hall R. Marston for Defendant and Respondent.

**OPINION**

**KAUS, J.—**

I.

In *Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 807-808 [69 Cal.Rptr. 305, 442 P.2d 361], we held that where a plaintiff moves to specially set a case for trial in order to avoid dismissal under the five-year rule (Code Civ. Proc., § 583, subd. (b))[1] and the "court feels impelled to dismiss an action less than five years after its filing for want of prosecution, it should do so and accept review on that basis. It should not exercise its discretion to dismiss on the basis of inconvenience to the court and in the guise of a refusal to specially set." We went on to chastise the trial judge who had vacated a special trial setting just within the five-year deadline although he "had discretion to dismiss, even on his own motion."

The question in this case is whether we should similarly criticize a judge who, in an identical procedural posture and on more than ample substantive grounds, does exercise his power to dismiss. In the absence of compelling intervening changes in the law, the answer must be "no."

II.

Plaintiff David Wilson appeals from an order dismissing his action for failing to bring it to trial within two years after filing the complaint. (§ 583, subd. (a).)

Wilson was allegedly struck by an employee of defendant Sunshine Meat and Liquor Company (hereafter Sunshine) and sustained injury that resulted in loss of sight in one eye. He filed a complaint on June 30, 1976, alleging personal injuries, battery and negligence and seeking damages from Sunshine and the employee. On Sunshine's demurrer, the complaint was amended on December 7, 1977. Wilson has never conducted any discovery; Sunshine issued two sets of interrogatories and took three depositions.

The case then slumbered until May 1981—four years and ten-plus months after the filing of the original complaint. On May 18, 1981, Wilson moved to specially set the case for trial and requested an order shortening time. Two days later he filed the at-issue memorandum. Sunshine filed extensive opposition, stressing what it conceived to be plaintiff's total lack of diligence in prosecuting the case, the fact that its own discovery was no longer

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

up-to-date, as well as other prejudice which would result from an instant trial.[2] Citing several cases in which dismissals for lack of prosecution under the two-year statute (§ 583, subd. (a)) had been affirmed, it argued that it should not be penalized for not having filed a motion to dismiss.

At the hearing on the motion to set, Wilson's attorney first noted that he could not speak "for the attorneys who have been substituted in, substituted out, and associated in and out in this case in the last four and a half years," and then asked the court to hear the case on its merits within the five-year statute "for the simple reason that it does involve a loss of sight in one eye, and it involves a substantial sum of money to the plaintiff."[3] Opposing counsel argued that Wilson had failed to meet even the minimal standards of diligence in prosecuting the case.

The trial court denied the motion to set and, on its own motion, dismissed the case under subdivision (a) of section 583. Indicating that it was fully aware of its obligations under *Weeks* v. *Roberts, supra,* it announced: "THE COURT: Court would indicate, based on the information furnished to the court and the papers on file in this particular matter, it would be the court's opinion that the motion to specially set should be denied; *and bearing in mind the admonition of the Supreme Court that you should not hide behind that, I guess, when you're going to exercise your discretion, so that you'll have something to appeal from, counsel, the court at this time is going to order that the matter be dismissed on its own motion under 583(a) of the Civil Code of Procedure.* And that will be based on the fact that the court finds no reason for the delay and, further, that there is no indication as to any diligence on behalf of the plaintiff to bring the matter to trial." (Italics added.)

### III.

Wilson contends on appeal that the trial court abused its discretion in dismissing. Specifically, it is urged that the court failed to follow the notice procedure prescribed in rule 203.5(a), California Rules of Court, and also failed to refer explicitly to the factors contained in subdivision (e) of rule 203.5 before reaching its decision to dismiss. We conclude that the trial court did not abuse its discretion: subdivision (a) of rule 203.5 has no ap-

---

[2]Sunshine noted the difficulties in preparing for trial on short notice—as, for example, the practical impossibility of arranging an independent medical examiner to review Wilson's injuries.

[3]Wilson's moving papers added no more—the motion was made "upon the grounds that the 5-year statute of limitations will run on June 30, 1981" and contained no explanation for the delay in prosecution.

plication to the facts of this case, and subdivision (e) does not require an express declaration by the trial court.

IV.

### 1. *Notice (Rule 203.5(a)).*

We note at the outset that the issues before us are the narrow ones just stated: The impact, if any, of rule 203.5 on this case. Plaintiff does not claim—and never has claimed—that he did not anticipate that his diligence in prosecuting the action would be one of the issues canvassed in connection with the motion to specially set the case for trial. Even if his counsel was unaware that—as we shall show—the law injects that issue into every such motion made under the threat of the five-year statute, defendant's written opposition was ample warning that it was going to argue plaintiff's lack of diligence—an issue to which plaintiff's counsel clearly addressed himself when he uttered his disclaimer that he "could not speak for the attorneys who have been substituted in, substituted out, and associated in and out in this case in the last four and a half years." Nor did counsel protest that the court's dismissal came as a surprise or was outside the issues tendered by his motion for an early setting.

We turn to the issues that are raised. ■ ■■ ■ There can be no doubt that the trial court had the power to dismiss. From 1969 until 1982 section 583 provided: "(a) The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."[4]

Rule 203.5(a) provides: "A party seeking dismissal of a case pursuant to subdivision (a) of Section 583 of the Code of Civil Procedure shall serve and file a notice of motion therefor at least 45 days before the date set for hearing of such motion, and the party may, together with his memorandum of points and authorities, serve and file an affidavit stating facts in support of his motion. The filing of the notice of motion shall not preclude the opposing party from further prosecution of the case to bring it to trial."

---

[4]Until 1969, the subdivision provided for dismissal only "on motion of the defendant"; in 1982, the subdivision was amended to expressly authorize dismissal on motion of a party or on the court's own motion. The trial court's inherent power to dismiss for unreasonable delay in prosecution is, however, not limited by statutory provision. (See *Blue Chip Enterprises, Inc.* v. *Brentwood Sav. & Loan Assn.* (1977) 71 Cal.App.3d 706, 712 [139 Cal.Rptr. 651]; *Feingersh* v. *Lutheran Hosp. Society* (1977) 66 Cal.App.3d 406, 411 [136 Cal.Rptr. 155].)

We note that the subdivision, by its terms, does not apply to the trial court but only to "a party" seeking dismissal.[5] Indeed, the subdivision was not even mentioned in *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406 [134 Cal.Rptr. 402, 556 P.2d 764], which presented a factual situation almost identical to the one before us. In *Sanborn* the trial court dismissed on its own motion when the parties were before it on a motion to advance the cause for trial. We concluded, based on the record before the trial court on the motion to advance, that the trial court had good cause to dismiss on its own motion and that the plaintiff had failed to meet his burden of showing excusable delay. Further, we emphasized that the trial court had done precisely what the court in *Weeks* had failed to do—dismissed and accepted "review on that basis." (*Id.* at p. 419.)

Plaintiff points out that the issue of the applicability of rule 203.5 was not raised in *Sanborn* and that several appellate decisions have assumed that rule 203.5(a) applies to court-initiated dismissals. The first, *Andre* v. *General Dynamics, Inc.* (1974) 43 Cal.App.3d 839 [118 Cal.Rptr. 95] involved a true court-originated motion—an action which the Court of Appeal characterized as "unusual." (*Id.,* at p. 845.) In upholding the dismissal against various contentions, the court noted in passing that "the trial court, while initiating the motion to dismiss, did so in complete compliance with the requirements of rule 203.5, subdivision (a), . . ." The Court of Appeal did not, however, indicate that such compliance was required.

The next case, *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925 [119 Cal.Rptr. 835], misread *Andre* to mandate judicial compliance with rule 203.5. (*Id.,* at p. 930.) It went on to hold, however, that in spite of inadequate notice under rule 203.5(a), the trial court had not erred in dismissing the action on its own motion, since plaintiff had waived the defect by appearing.[6]

Right or wrong, holdings or dicta, *Andre* and *Tate* have nothing to do with a situation such as the one faced by the trial court in this case: it had not hauled plaintiff into court by a court-initiated motion to dismiss. Rather it was faced with plaintiff's own motion to specially set in order to avoid the impact of the five-year statute. Such motions have traditionally invited an inquiry into the same factors which are relevant to a motion to dismiss

---

[5]An argument can be made that the call to the Judicial Council was not meant to affect the trial court's action in dismissing and applies only to a party who seeks to *obtain* a dismissal.

[6]In *Andre,* plaintiff had received the benefit of the full 45 days; in *Tate,* there were only 14 days between the notice and the hearing, but plaintiff appeared and argued the motion on the merits.

under section 583, subdivision (a).[7] ▆ The similarity between the two motions is explained in *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 260 [10 Cal.Rptr. 314]: "In passing upon the motion for an early and preferential setting, the court was not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendant resulting from the delay. [Citations.] *The action of the court on such a motion is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed by section 583 of the Code of Civil Procedure*; *in each instance the motion is addressed to its sound legal discretion*; *the motivating factors in the exercise of that discretion would be pertinent to both motions*; and its decision 'will be disturbed only in cases of manifest abuse.'" (Italics added.)

Further, the very purpose of the lengthy notice period provided for in rule 203.5(a) proves that it was not meant to apply to a motion to dismiss which follows a hearing on motion to specially set. In *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701 [102 Cal.Rptr. 190], plaintiff moved to specially set. Two days later defendant filed a motion to dismiss and sought an order shortening time for service of notice, which was granted. Defending that order against the plaintiff's challenge on appeal, the court explained that the 45-day notice period "accomplished by rule 203.5 was intended to afford a plaintiff ample time within which to complete any necessary preparation and *move to set his case for trial,* if so inclined. . . . plaintiff already had such a motion on file, so that he was unaffected by the shortened notice of defendant's motion; he suffered no prejudice thereby." (*Id.,* at p. 705; italics added.)

▆ As already stressed, Wilson appeared at the hearing on the motion to advance and argued its merits. Given that preparations for motions to advance and dismiss encompass the same considerations, he must be deemed to have waived any right to "adequate" notice by not objecting when the trial court orally rendered its decision.[8] As pointed out in *Farrar* v. *McCormick, supra,* 25 Cal.App.3d at page 705: "[N]o objection was made by the plaintiff to the trial court's hearing of the motion. To the contrary, the

---

[7]Obviously, where the court itself initiates a motion to dismiss, due process demands notice to the plaintiff adequate to defend against the charge of procrastination. No such problems arise where the issue of lack of diligence is necessarily one of the issues triggered by a plaintiff-initiated motion to specially set.

[8]Actually, had the trial court followed the letter of rule 203.5(a) and given a 45-day notice, the plaintiff's cause would have been defeated anyway because of the mandatory dismissal required under section 583, subdivision (b) when an action is not brought to trial within five years after filing the complaint. Only 33 days remained before the five-year period would expire.

record indicates plaintiff appeared to oppose the motion . . . . [T]he purpose of giving notice accordingly was satisfied . . . ."

### 2. *Consideration of Factors (Rule 203.5(e))*

■ Although rule 203.5(e) mandates that "the court *shall* consider all matters relevant to a proper determination of the motion" (italics added), and then details numerous factors included within that rubric, it does not require the court to designate the basis for its decision orally or in writing. Nor does it require the court to recite that it considered all relevant matters or each of the listed factors.[9]

Here, as in *Sanborn, supra,* the record reveals that the trial court had good cause to dismiss on its own motion. The appalling absence of diligence on Wilson's part is apparent. His only argument is that the case should be reinstated to promote substantial justice in light of his "awesome injury."[10]

■ In exercising its discretion to dismiss, the trial court confronts conflicting pressures favoring either fairness to plaintiff or fairness to defendant. We discussed the relative strengths of these concerns in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]: "Although a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds." Nevertheless, an alleged wrong, without more, is obviously not sufficient to undermine the policy of section 583, subdivision (a). The more compelling policy favoring resolution on the merits will only prevail where plaintiff makes *some* showing of ex-

---

[9]Rule 203.5(e), provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."

[10]Wilson claims on appeal that he delayed in filing the at-issue memorandum because he was unable to effect service on the employee. We observe that problems or delays in effecting service on one defendant in no way constitute an excuse for resting nearly four years and eleven months on the case when the other defendant was served immediately, responded to plaintiff's complaint, and conducted its own discovery. In any event, no such claim was advanced in the trial court.

cusable delay. (*Sanborn, supra,* 18 Cal.3d at p. 418.) Here, Wilson made none. On the other hand, Sunshine did make some showing of prejudice.

While the trial court did announce its reasons for dismissing—stating that "the court finds no reason for delay, and, further, there is no indication as to any diligence on behalf of plaintiff to bring the matter to trial"—it did not mention rule 203.5(e), or the factors listed therein. However, as noted, no express findings are required and the record supports the decision. Moreover, it is presumed that the court followed the law. As we stated in *Denham,* " 'A judgment . . . of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham* v. *Superior Court, supra,* 2 Cal.3d 564.) The mere fact that the court did not explicitly refer to rule 203.5(e), when the statute contains no such requirement does not support the conclusion that it was ignored.

The judgment is affirmed.

Mosk, J., Richardson, J., Broussard, J., and Grodin, J., concurred.

**REYNOSO, J.**—I dissent.

The trial court, in my view, violated Wilson's due process rights (Cal. Const., art. I, § 7) by dismissing his action on its own motion without prior notice of its intent to do so.

It is well settled that notice is a fundamental aspect of due process. The United States Supreme Court has long since explained that: "Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges. Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed. Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act." (*Lambert* v. *California* (1957) 355 U.S. 225, 228 [2 L.Ed.2d 228, 231, 78 S.Ct. 240].)

Forfeiture of one's day in court, without notice, effectively denies an individual's due process right of access to the courts. (See generally *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 914 [132 Cal.Rptr. 405, 553 P.2d 565] [due process right of access to court extends beyond criminal cases to civil matters as well].) Though the remedy of appeal is preserved on discretionary dismissal (majority opn., *ante,* at p. 558), it is illusory at best. "The exercise of the trial court's discretion will be disturbed only for *clear* abuse." (Italics added.) (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557,

564 [86 Cal.Rptr. 65, 468 P.2d 193].) This required showing presents a harsh barrier to winning reversal on appellate review. Thus, appeal is not a realistic remedy for a party precluded from litigating the merits in the court below. Notice is essential to insure that the plaintiff has been accorded full due process of law.

In the case at bench, the constitutional issue of due process is intertwined with that involving statutory and regulatory interpretation. The language of Code of Civil Procedure section 583, subdivision (a) casts doubt on the majority's conclusion that California Rules of Court, rule 203.5(a) is inapplicable in this case. Section 583, subdivision (a) specifies that, in exercising its discretion to dismiss for lack of prosecution, a trial court must act "in accordance with rules adopted by the Judicial Council." It is undisputed that either the court or the defendant may move for dismissal. The statute's failure to draw any distinction between court-initiated and defendant-initiated motions for dismissal supports a conclusion that the notice required by rule 203.5(a), is applicable to both.

The majority further attempts to distinguish rule 203.5(a) by emphasizing that its purpose, allowing the plaintiff time to prepare and set a trial date, makes it inapplicable to cases, such as this, where the five-year deadline will expire within the forty-five-day notice period. Not only does this assertion overlook the fact that the trial court has the power to reduce the notice period when necessary (Code Civ. Proc., § 1005), but it ignores the underlying constitutional purpose of notice as well.

Even if the trial court had proceeded on the basis of its inherent power to dismiss, rather than its statutory authority under Code of Civil Procedure section 583, subdivision (a), thus avoiding the rule 203.5(a) problem entirely, it still would have been required to provide notice prior to taking action. "[W]here dismissal rests in the discretion of the court the plaintiff should be given notice of the motion to dismiss and an opportunity to be heard thereon." (*Harris* v. *Board of Education* (1957) 152 Cal.App.2d 677, 683 [313 P.2d 212].)

Contrary to the majority's suggestion, *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406 [134 Cal.Rptr. 402, 556 P.2d 764], is not dispositive on the issue of notice. We did not address notice in that case. Moreover, the majority's reliance on *Sanborn* is lukewarm at best. After reasoning that *Sanborn* stands for the principle that no notice is required on discretionary dismissal on a court's own motion (majority opn. *ante,* at p. 560), the majority concludes that the notice requirement was either satisfied or waived in the instant case. Thus, the majority appears to concede that notice *is* required prior to dismissal for lack of prosecution on a court's own motion.

The relevant question, then, is whether Wilson received such notice or waived his right to it.

That Wilson must have known that his diligence in prosecuting the action would be at issue on his motion to set for trial is not an acceptable substitute for notice that the court intended to dismiss the action on its own motion. Neither is the fact that hearings on both motions would address, among other factors, the plaintiff's diligence in prosecuting his case. The gravity of the potential loss, dismissal of one's cause of action, demands that the plaintiff be fully apprised of the court's intended action.

In *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361],[1] we issued a warning to trial courts to proceed with extreme caution before dismissing an action for want of prosecution:

" '[C]ourts exist primarily to afford a forum for the settlement of litigable matters between disputing parties . . . . [Citation.] To deny the forum upon the ground that one or the other party has sacrificed it because the procedure has itself been too slow does not appeal to a mature sense of justice. Only the most compelling reasons would support a surrender of this necessary and valued right of resolution for any such cause.' [Citation.] *The harshness upon plaintiffs who are seldom personally responsible for delays in our system of representative litigation is manifest.*" (Italics added.) (*Id.* at pp. 806-807.)

The majority's reliance on the defendant's pleadings and on the fact that motions to set an early trial date and motions to dismiss generate related factual inquiries, weakens the *Weeks* court concern for safeguarding the plaintiff's right of access to a forum. Although the defendant here identified Wilson's diligence as an issue in its written opposition to the motion for an early setting, the defendant *did not* move for dismissal. Thus, Wilson knew that his diligence in prosecuting the case would be questioned at the hearing on his motion, but did not necessarily know that he risked immediate dismissal if his motion was unsuccessful. The due process protections of notice and an opportunity for hearing, coupled with public policy, implicit in the *Weeks* warning, favoring disposal of litigation on the merits, militates against the majority's conclusion that Wilson had notice of the court's intent to dismiss on its own motion.

---

[1]The majority relies on *Weeks* for the proposition that the trial court acted properly in dismissing on its own motion after deciding that such dismissal was warranted. (Accord *Sanborn, supra,* at p. 419.) While it is unquestioned that the court has such power, *Weeks* does not support the conclusion that such power can be exercised without prior notice to the plaintiff. In fact, *Weeks* is silent on the issue of notice (as is *Sanborn*). Due process, of course, generally requires that dismissal be preceded by notice and an opportunity for hearing.

The suggestion that Wilson waived his right to notice by appearing at the hearing on his motion to specially set (majority opn. *ante,* at pp. 561-562) has no basis in decisional law. *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701 [102 Cal.Rptr. 190], upon which the majority relies for this theory, is completely distinguishable. *Farrar* involved a plaintiff's appearance at a hearing where both the plaintiff's motion to specially set for trial and the defendant's motion to dismiss were heard together. The plaintiff had received notice of the motion to dismiss and had appeared to oppose the motion. (*Id.* at p. 705.) In the instant case, the plaintiff appeared solely in support of his motion to set an early trial date. We cannot construe his appearance as acquiescence in the motion to dismiss.

The majority's conclusion is particularly unfortunate inasmuch as a practical and constitutional solution is at hand. The plaintiff's due process right to notice can be reconciled with the competing public policy interests favoring litigation on the merits on the one hand, and disfavoring unreasonable delays in litigation on the other. *Kunzler* v. *Karde* (1980) 109 Cal.App.3d 683 [167 Cal.Rptr. 425] points the way. There, the Court of Appeal affirmed the trial court's dismissal on its own motion after providing the plaintiff with 29 days notice of its intent to do so. The trial judge granted the plaintiff's motion to specially set for trial and then scheduled a noticed hearing to dismiss on its own motion and scheduled it prior to the trial date. The trial court appropriately reduced the notice period pursuant to Code of Civil Procedure section 1005. Though due process rights to notice and an opportunity to be heard may be abrogated under "extraordinary circumstances" (*Fuentes* v. *Shevin* (1972) 407 U.S. 67, 90 [32 L.Ed.2d 556, 575, 92 S.Ct. 1983]), such circumstances do not present themselves here. *Kunzler* provides a model by which all interests can be protected.

I conclude that the trial court abused its discretion in dismissing Wilson's action.

Bird, C. J., concurred.