[No. B019349. Second Dist., Div. Four. Sept. 26, 1986.]

WILLIAM DICK, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES UNIFIED SCHOOL DISTRICT, Real Party in Interest.

**COUNSEL**

Lewis, Marenstein & Kadar and Thomas L. Hoegh for Petitioner.

No appearance for Respondent.

Blanck & Blanck and Herbert F. Blanck for Real Party in Interest.

---

**OPINION**

**WOODS, P. J.**—By this proceeding, William Dick, petitioner, seeks a writ of mandate directing respondent court to vacate its order denying his motion to specially set his personal injury action for trial before expiration of the five-year period allowed for that purpose by Code of Civil Procedure section 583.310.[1] The issue before us is whether, given the totality of relevant circumstances, respondent's denial of petitioner's motion was an abuse of discretion. We conclude that it was.

The facts are as follows:

On May 20, 1980, petitioner sustained personal injuries as a result of exposure to toxic fumigants at the 92d Street Grammar School in Los Angeles. On March 17, 1981, a complaint was filed on petitioner's behalf against the Los Angeles Unified School District (school district), real party in interest herein. In September 1981, school district answered the complaint and, concurrently, cross-complained against Target Chemical Company (Target), Micro-Gen Equipment Corporation (Micro-Gen) and Fairfield American, Inc. (Fairfield). Subsequently, petitioner twice amended his complaint to substitute certain of these cross-defendants for the Doe defendants named in his original complaint. Additionally, some of these cross-defendants commenced actions against each other.

On July 11, 1983, petitioner filed an at-issue memorandum with the superior court, respondent herein. The case was never scheduled for a trial setting conference.[2]

Petitioner, meanwhile, proceeded with discovery. On October 4, 1983, petitioner conducted depositions of two school district employees. Interrogatories were also propounded to the school district. Additionally, petitioner sought production of documents from another defendant, Target. In

---

[1] Code of Civil Procedure section 583.310 states: "An action shall be brought to trial within five years after the action is commenced against the defendant."
All code references, unless otherwise indicated, are to the Code of Civil Procedure.

[2] In larger superior courts (10 or more judges) a trial setting conference must be held for all cases on the civil active list, except for "short causes" and cases in which a pretrial conference is held. A trial date may be assigned within 30 to 90 days after the conference. The clerk of the court notifies the parties of the time and place of the trial setting conference at least 60 days in advance. (Cal. Rules of Court, rule 217.)

April 1985, petitioner also suggested that the parties to the various actions and cross-actions participate in a voluntary settlement conference.

On May 14, 1985, petitioner filed a second at-issue memorandum and requested trial preference, citing the five-year statute. A trial setting conference was scheduled for August 9, 1985. On August 9, however, it appeared that defendant, Micro-Gen, had not been given proper notice of the conference by petitioner.[3] Micro-Gen declined to waive notice. Consequently, on August 12, 1985, petitioner filed a third at-issue memorandum, again seeking trial preference.

In November 1985, petitioner entered into settlement negotiations with defendants Fairfield, Target, Micro-Gen and Van Waters & Rogers. As a result of these negotiations, a tentative agreement was reached between these parties in January 1986. According to the terms of the agreement, the various complaints and cross-complaints would all be dismissed, leaving for trial only the petitioner's original action against the school district.[4]

Petitioner's August 9 at-issue memorandum had not resulted in the scheduling of a trial setting conference. On January 10, 1986, therefore, petitioner moved to specially set the case for trial. In the motion and supporting declaration, petitioner cited the running of the five-year statute and pointed out that there had been no response from the superior court to the August at-issue memorandum. There was no opposition to petitioner's motion by the school district. The only opposition was filed by Micro-Gen.

Petitioner's motion was heard on February 3, 1986. Counsel for the school district did not, apparently, appear to oppose the motion. Nonetheless, the motion was denied. In so ruling, the superior court cited court congestion and scheduled the trial setting conference for April 8, 1986, beyond the five-year period, and without prejudice to a defense motion to dismiss.

---

[3]For purposes of this opinion, we refer to Micro-Gen as defendant.

[4]Petitioner says this settlement agreement was made final in February 1986. However, there is nothing in the record before us to show that any of the dismissals contemplated by the agreement were in fact accomplished. Additionally, at the hearing of petitioner's application to reconsider, attorneys for Micro-Gen and the school district expressed reservations as to whether a binding agreement had actually been reached. There is no dispute, however, that these negotiations were conducted prior to petitioner's motion for trial preference.

On February 5, 1986, petitioner timely sought reconsideration of his motion pursuant to section 1008, subdivision (a).[5]

In his application, petitioner set forth the chronology of his attempts to set the case for trial. He also related the steps he had taken to prepare for trial. Finally, he set forth the settlement negotiations which had taken place between the parties. Petitioner estimated the trial would take five days.

The application to reconsider was heard on February 25, 1986, and denied. The superior court judge who heard the matter acknowledged petitioner's diligent efforts to move the case along. Nonetheless, the court felt it would be unfair to other litigants waiting for a trial date to advance petitioner's case.

On March 10, 1986, this petition for writ of mandate was filed. On March 11, 1986, we issued an order staying the trial of petitioner's action and notifying the parties that we were considering issuing a peremptory writ in the first instance. On June 19, 1986, we issued an alternative writ of mandate, and stayed the trial until compliance with the alternative or further order of this court.

### DISCUSSION

### I

■ The granting or denying of a motion for trial preference lies in the sound discretion of the trial court. (§ 36, subd. (d) [". . . the court may in its discretion grant a motion for preference . . . ."].) Three Supreme

---

[5]Section 1008, subdivision (a) provides: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may, [*sic*] make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order."

In its answer to the petition, school district questions whether petitioner's application to reconsider was proper. School district argues that the "different state of facts" referred to in the statute is the equivalent of newly discovered facts and that those which petitioner presented in his application were known to him at the time of his original motion.

In support, school district cites *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594]. As the *Blue Mountain* court recognized, however, "if the original order is an interim rather than a final ruling, it may be corrected at any time up to the final judgment, even in the absence of newly discovered evidence." (*Id.*, at p. 1013; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 37, p. 354.) The usual test for distinguishing between interim and final rulings is whether they are appealable. (*Ibid.*) Plainly, under this criterion of appealability, an order denying trial preference is not a final order. Moreover, there has been no final judgment in this action. Hence, petitioner's application for reconsideration was proper.

Court cases have addressed the issue of the proper exercise of that discretion when the trial court is confronted by a motion for trial preference brought to avoid mandatory dismissal under the five-year statute. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 [228 Cal.Rptr. 504, 721 P.2d 590]; *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554 [194 Cal.Rptr. 773, 669 P.2d 9]; *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361].)

Denial of the motion under these circumstances is, in effect, a dismissal of the action under the court's discretionary power to dismiss for delay in prosecution. (§ 583.410, subd. (a).)[6] Hence, the court's exercise of discretion is governed by the same factors which apply to discretionary dismissal motions. "'The action of the court on such a motion [for trial preference] is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed in section 583 of the Code of Civil Procedure [now substantially re-enacted as sections 583.410 and 584.420, subd. (a)(2)(A)-(B)]; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; and its decision "will be disturbed only in cases of manifest abuse."'" (Italics omitted.) (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 561, quoting *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 260 [10 Cal.Rptr. 314].)

There are a myriad of factors set forth in California Rules of Court, rule 373(e), which a court is required to consider in ruling on a motion for discretionary dismissal.[7] While all those factors are relevant to determination of a motion for trial preference, the Supreme Court has focused on four factors in particular: (1) the plaintiff's diligence or lack thereof; (2) prejudice

---

[6]Section 583.410, subdivision (a) provides: "The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

[7]Rule 373(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

to the defendant of an accelerated trial date; (3) the condition of the court's calendar; and (4) the likelihood of eventual mandatory dismissal if the early trial date is denied. (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 349; *Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 561.)

We now discuss the applicability of each of these factors to the facts of the case at bar.

## II

### A

■ In the two Supreme Court decisions affirming denial of plaintiffs' motions for trial preference and dismissal of their actions, the plaintiffs' lack of diligence was the crucial factor. (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 349 ["By (plaintiffs') utter lack of diligence they forfeited their right to preferential setting for trial and were properly subject to dismissal."]; *Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 562 ["the trial court had good cause to dismiss on its own motion. The appalling absence of diligence on Wilson's part is apparent."].)

Where, however, plaintiff has diligently prosecuted his action up to the point of the motion for trial preference, denial of that motion may constitute an abuse of discretion. In *Dockery* v. *Hyatt* (1985) 169 Cal.App.3d 830 [215 Cal.Rptr. 488], the plaintiff's action was dismissed under the discretionary dismissal statute (then numbered § 583, subd. (a)) solely for the failure of his attorney to appear at the trial setting conference. This court reversed, noting that the trial court had neglected to consider the other relevant factors listed in rule 373(e) of the California Rules of Court. We said: "The factor of plaintiff's counsel's diligence in pursuing discovery or other pretrial proceedings was particularly pertinent here. Plaintiff has contended, without dispute by defendant, that the case had been prosecuted diligently up to the time of the missed appearance for the trial setting conference. Moreover, there has been no showing that defendant was prejudiced by the delay." (*Id.,* at p. 833.)

Likewise, in the present case, there is no real dispute that petitioner acted diligently in prosecuting his action up to the point of the motion for trial preference. Indeed, the court below essentially made a finding of due diligence on petitioner's part.[8] The trial court's only cavil was its belief that

---

[8]The trial judge said: "I think your record does show you've been doing all the things lawyers normally do that move these cases along, but the problem that impacts the Court is when somebody forgets to—as I say, we get these motions a year, a year and a half in advance, and some of them I have to deny because they're brought too soon."

the motion for trial preference, filed only two months before the five-year period expired, was necessarily untimely.

The five-year period from which this action was filed expired on March 17, 1986. Hence, at the time the motion was first heard, on February 3, 1986, 43 days remained within which the action could have been heard. At the time the application for reconsideration was heard, on February 25, 21 days remained in the five-year period. It has been held that periods ranging from 28 days to 46 days before the expiration of the five-year period provided sufficient time within which to at least begin trial and the trial court's refusal to set the matter was an abuse of discretion. (*Weeks* v. *Roberts, supra,* 68 Cal.2d at p. 807 [28 days sufficient time]; *Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068, 1071 [115 Cal.Rptr. 666] [46 days sufficient time].)

Petitioner estimated that it would take five days to try his action. Neither the court nor any party to the action, including the school district, disputed that estimate. We, therefore, cannot agree that petitioner's failure to move for trial preference earlier showed a failure of diligence on his part.[9]

## B

A second critical factor which the court must take into account in ruling on a motion for trial preference is any prejudice to the defendant resulting from the accelerated trial date. (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 349.) In *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58], the Supreme Court held that the lack of prejudice to a defendant did not render the trial court's discretionary dismissal of plaintiff's action an abuse of discretion where the plaintiff had done virtually nothing to prosecute his action. However, where a plaintiff has been diligent "[l]ack of prejudice to a defendant is a factor. When it appears that no injustice would result a motion to dismiss for failure to bring [an action] to trial within two years should be denied. [Citation.]"

---

[9]We also reject school district's argument that a motion for trial preference set less than 25 days before the expiration of the five-year period "should be deemed unreasonable." School district reaches this figure by adding two statutory periods, the 20-day notice period required in section 594, subdivision (b), when the court clerk notifies parties by mail of the date of trial and the five-day period added in section 1013 when notice is by mail.

Neither case law nor statute set a mandatory minimum time within which motions for trial preference must be brought. "[T]he amount of time left [before expiration of the five-year statute] is not the determinative factor." (*Troupe* v. *Courtney* (1985) 169 Cal.App.3d 930, 935 [215 Cal.Rptr. 703].) It would be an unwarranted impingement upon the discretion of trial courts for this court to adopt school district's proposed rule.

Furthermore, school district's calculations are not entirely accurate. Under section 594, subdivision (a), a party may effect personal service of notice of trial date within 15 days of trial. (*Griffis* v. *S.S. Kresge Co.* (1984) 150 Cal.App.3d 491, 498 [197 Cal.Rptr. 771].)

(*Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45, 51-52 [222 Cal.Rptr. 713]; *Troupe* v. *Courtney, supra,* at p. 935.)

As previously noted, in the case at bar, petitioner acted with sufficient diligence in bringing his action to trial. School district made no showing that granting petitioner's motion would prejudice it. Indeed, other than a pro forma claim of "obvious prejudice," school district does not address the prejudice issue. This silence must be taken as a concession of no prejudice. Hence, the trial court's denial of petitioner's motion cannot be sustained on this ground.

## C

Indeed, the only justification the trial court offered for its ruling was court congestion. The state of a court's calendar is, of course, a factor to be considered by the trial court when ruling upon a motion for trial preference. However, calendar congestion alone is no reason to deny a motion for trial preference. As was said in *Weeks* v. *Roberts, supra,* 68 Cal.2d at page 807: "Although preferential settings are undoubtedly the cause of increased delay for other litigants [citation], they are not an unusual phenomena because many actions are given priority by statute. [Citations.] . . . It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it."

This aspect of the *Weeks* decision was reiterated by the Supreme Court in the *Salas* decision wherein the court observed: "We are concerned that court congestion remains an unfortunate reality, causing inevitable delay, often of several years, regardless of a party's diligence. As we emphasized in *Weeks,* it is monstrous to deny a forum to a plaintiff simply because the procedure of the courts has been too slow." (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 349.)

The *Salas* court then went on to note that it would be unfair to advance the case of a dilatory plaintiff simply because he was approaching the end of the five-year period. This, however, is not the posture of petitioner. As the court below acknowledged, petitioner has been diligent. Court congestion notwithstanding, petitioner has earned his right to his day in court. It is patently unfair to deny him that right on the sole ground of court congestion which, as the Supreme Court intimated in *Salas,* is a problem endemic to the system rather than the fault of individual litigants.

### D

■ Finally, we address the concept of mandatory dismissal. In *Salas* v. *Sears, Roebuck & Co., supra,* the Supreme Court held that a trial court does not have a mandatory duty to grant a plaintiff's motion for a preferential trial date solely to avoid the expiration of the five-year period. (42 Cal.3d at p. 346.) Nonetheless, the court characterized the approach of the five-year limit as "a critical consideration." (*Ibid.*)

The school district reads *Salas* as having "totally destroyed" petitioner's position in this proceeding. This is unwarranted hyperbole. In *Salas,* the Supreme Court laid to rest the argument that a trial court must grant a motion for trial preference to every plaintiff approaching the end of the five-year period without regard to other factors such as the plaintiff's diligence or prejudice to the defendant. In the case at bar, petitioner's motion was not based solely on the running of the five-year period but was also supported by his showing of diligence. Moreover, there was no showing of prejudice by defendants. Hence, petitioner is not in the position of plaintiffs in *Salas* whose "utter lack of diligence" forfeited their right to preferential trial setting. (42 Cal.3d at p. 349.)

Additionally, the sole basis of the denial in the case at bench was court congestion, a factor which, while significant, is certainly less compelling than issues of diligence and prejudice. We conclude, therefore, that the holding of *Salas* is inapplicable to the case before us.

Here, the "critical consideration" of the possibility of mandatory dismissal of petitioner's case compels us to grant relief. It is the policy of the law to dispose of litigation on its merits rather than on procedural grounds. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) This policy finds statutory expression in the dismissal statute, section 583.130, which provides, in part, that "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure" to prosecute an action with reasonable diligence.

By denying petitioner's motion and setting the matter for trial setting conference beyond the five-year period, the trial court exposed petitioner to mandatory dismissal under the five-year statute. (§§ 583.310, 583.360, subd. (b).) To avoid dismissal, petitioner would have to show that it was "impossible, impracticable, or futile" to have brought the action to trial within the period. (§ 583.340, subd. (c).) This is potentially a more difficult burden than that required in a motion for trial preference. (See Cal. Rules of Court, rule 373(e).) Thus, mandatory dismissal of petitioner's action was

a real, perhaps inevitable, consequence of the denial of his motion for trial preference. Under the circumstances of this case, the interests of justice would not have been served by such dismissal.

Let a peremptory writ of mandate issue directing respondent to vacate its order of February 3, 1986, in superior court case number C 359357, entitled William Dick v. Los Angeles Unified School District, et al., denying petitioner's motion to specially set the action for trial and to enter a new and different order granting the motion. Respondent is further directed to commence the trial of this matter within 43 days of this order becoming final. Petitioner to recover costs.

McClosky, J., and Arguelles, J., concurred.