[No. E003574. Fourth Dist., Div. Two. Mar. 16, 1987.]

SAN BERNARDINO CITY UNIFIED SCHOOL DISTRICT et al.,
Petitioners, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
MISSION INSURANCE COMPANY et al., Real Parties in Interest.

234

**COUNSEL**

McKay, Byrne, Graham & Van Dam and Mary E. McInerny for Petitioners.

No appearance for Respondent.

Wood, Ward & Garnett, Michael W. Garnett, Beverly S. Harlan, Wilson, Kenna & Borys, Mark R. Troy, Clausen, Harris & Campbell and Inlow H. Campbell for Real Parties in Interest.

**OPINION**

HEWS, J.—By this proceeding, petitioners seek a writ of mandate directing respondent court to vacate its order denying their motion to set a cross-complaint for trial before the expiration of the three-year period allowed for that purpose by Code of Civil Procedure section 583.320, subdivision (a)(3).[1]

We issued an alternative writ of mandate and stayed the trial until compliance with the alternative writ or until further order of this court. We now examine the totality of the relevant circumstances to determine if respondent's denial of the motion was an abuse of discretion. We conclude that it was not.

---

[1] Code of Civil Procedure section 583.320 provides: "(a) If a new trial is granted in the action the action shall again be brought to trial within the following times:

". . . . . . . . . . . . . . . . . . . .

"(3) If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court."

Hereinafter, unless otherwise indicated, all section references are to the Code of Civil Procedure.

## FACTS

The facts leading to the motion are not in dispute and may be briefly summarized as follows. The action commenced on the filing of a complaint for personal injuries by plaintiff John Turner against the San Bernardino Unified School District (District). Turner was injured in an accident while building bleachers at a school site. He was employed by the contractor Russell & Williams. Early in the proceedings, his claim was settled for $387,940 by the District and United Pacific, its liability insurance carrier, the petitioners herein.

At the time of Turner's accident, Russell & Williams was insured by Signal Insurance Company (Signal). Signal thereafter became insolvent and its obligations were assumed by California Insurance Guarantee Association (CIGA). Petitioners contend that at the time of the accident, Russell & Williams was also provided primary liability insurance coverage by Mission Insurance Company (Mission) and excess coverage by Stonewall Insurance Company (Stonewall), the real parties in interest (RPI).

Petitioners filed a cross-complaint seeking express indemnity from Russell & Williams and seeking to establish that insurance coverage was provided by CIGA, Mission and Stonewall for the loss in question. Mission took the position that its policy was not in force on the date of the loss and, therefore, it did not provide coverage to Russell & Williams. Mission's position was set forth in its motion for summary judgment which was granted by the trial court but overturned on appeal. The remittitur was filed on November 4, 1983.

After the filing of the remittitur, petitioners did little to move their cross-complaint to trial. On December 12, 1983, petitioners' lawyer wrote to RPI suggesting settlement. Only Mission responded, indicating settlement discussions were premature. A second letter was sent by petitioners' lawyer to CIGA and Stonewall on January 26, 1984, again receiving no response. By declaration, petitioners asserted that during 1985 and early 1986 their lawyer spoke on several occasions with RPI's lawyers about the possibility of settlement. When it became apparent that settlement was not going to occur, petitioners determined that it was necessary to file a third amended cross-complaint to get the action at issue and set for trial.

In March 1986, petitioners unsuccessfully attempted to obtain a stipulation to file a third amended cross-complaint. Thereafter, a motion to file the cross-complaint was granted on June 5, 1986. After the answers to the cross-complaint were filed, the at-issue memorandum was filed by petitioners

on August 5, 1986. For the first time, the action was placed on the civil active list.

A motion to specially set the case for trial under section 36, subdivision (d), was filed the same day. On August 21, 1986, the motion was heard and denied. The denial occurred 74 days before the expiration of the three-year limitation period under section 583.320, subdivision (a)(3). The trial court set the action for a trial setting conference on September 5, 1986, and the action, over petitioners' objection, was set for trial to commence on November 24, 1986, 20 days after the expiration of the three-year period.

On September 5, 1986, petitioners renewed their motion for preferential setting. The motion was heard and again denied on September 22, 1986.

### DISCUSSION

### I

■ The trial court may in its discretion grant a motion for preference upon showing of cause which satisfies the court that the interests of justice will be served. (§ 36, subd. (d).) " ' "The action of the court on such a motion [for trial preference] is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed in section 583 of the Code of Civil Procedure [now substantially reenacted as sections 583.410[2] and 584.420, subd. (a)(2)(A)-(B)]; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; and its decision 'will be disturbed only in cases of manifest abuse.' " ' (Italics omitted.) (*Wilson v. Sunshine Meat & Liquor Co.* [1983] 34 Cal.3d [554] 561 [194 Cal.Rptr. 773, 669 P.2d 9], quoting *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254 [10 Cal.Rptr. 314], 260 . . . .)" (*Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1164 [230 Cal.Rptr. 297].)

California Rules of Court, rule 373(e), lists many factors for the court to consider in ruling on a motion for discretionary dismissal.[3]

---

[2]Section 583.410, subdivision (a), provides: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

[3]California Rules of Court, rule 373(e), provides: "(e) In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent

■ The trial court does not have the mandatory duty to set a preferential trial date, even when a statute of limitations deadline approaches, but may exercise its discretion considering such factors as: (1) the plaintiff's diligence or lack thereof; (2) prejudice to the defendant of an accelerated trial date; (3) the condition of the court's calendar; and (4) the likelihood of eventual mandatory dismissal if the early trial date is denied. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 349 [228 Cal.Rptr. 504, 721 P.2d 590].) Although *Salas* was decided upon the review of an action under the five-year statute (§ 583.310), the same principles apply to this case. An additional factor, the extent to which the parties engaged in any settlement negotiations or discussions, is also relevant to this proceeding. We discuss these five factors in relation to the facts of this case.

## II

■ From the record before us, it is apparent that the trial court denied the motion on the ground of lack of diligence by petitioners, coupled with an insufficient showing of excusable delay.[4] The record does not indicate whether the "total picture" was considered by the court. However, the trial court's failure to refer to rule 373 ■ ■ ■ or all the factors involved

---

to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

[4]"[THE COURT]: It is a great list of things that the defense did, but sure is absent things that plaintiff did to move this case to trial. I don't think the law is such that you can file a complaint —and granted this is beyond the filing of the complaint form—but once the remittitur is back you can say, well, I sent them a letter offering to settle the case and they didn't do anything. What am I supposed to do? There are lots of things you could have done.

"Ms. McINERNY: Well, your Honor, this motion was filed several months before the three-year period expired.

"THE COURT: I'm not worried about that. I'm worried about what happened to the two years before that.

"Ms. McINERNY: Well, I'm worried about *Salas* your Honor.

"THE COURT: I'm worried about *Salas* and—

"Ms. McINERNY: And—

"THE COURT: I can read *Salas* and you don't have to tell me about *Salas*: I know what it says. And it says that when the plaintiff does nothing to bring a case to trial and then runs in and says to kick everybody out of the way, Judge, because we want to go to trial, it says I have discretion to say that you are out of luck. [¶] And that is what I'm saying. Motion denied."

in its decisionmaking process, does not indicate the rule was ignored. (*Wilson v. Sunshine Meat & Liquor, supra,* 34 Cal.3d 554, 562.)

It is clear to us that petitioners were not diligent in getting the cross-complaint to trial. Their claim that RPI should be charged with the period of delay following RPI's failure to stipulate to the filing of the third cross-complaint is unmeritorious. RPI were not obligated to do anything to expedite the process. ■ "[A] 'defendant need make no move until the law requires him to do so "in response to the movements of plaintiff at the various stages of the litigation." ' " (*Minkin* v. *Levander* (1986) 186 Cal.App.3d 64, 69 [230 Cal.Rptr. 592], quoting *Bonelli* v. *Chandler* (1958) 165 Cal.App.2d 267, 275 [331 P.2d 705].) ■ The burden of moving the action to trial was on petitioners who clearly did nothing in this regard from November 1983 until June 1986. Petitioners assert that they were fully prepared for trial during this period and that discovery and pretrial proceedings were therefore unnecessary. We agree petitioners were under no obligations to conduct discovery. However, they failed to amend their cross-complaint or file the at-issue memorandum in a timely manner in order to trigger the trial setting at an earlier date.

In an attempt to show excusable delay, petitioners rely upon their attempts to negotiate a settlement with RPI. Petitioners sent two letters to RPI suggesting settlement on December 12, 1983, and on January 26, 1984. However, there was no response from RPI in the form of counterproposals. In addition, petitioners recited by declaration that during 1985 and in early 1986 their lawyer spoke on several occasions with RPI's lawyers about the possibility of settlement. On each occasion he was told that settlement might be considered but he was never given a specific settlement proposal by RPI. Petitioners further declared that when it became apparent that settlement was not going to occur, the amended cross-complaint and the at-issue memorandum were filed.

If there had been mutual bona fide efforts to compromise and settle the action and petitioners had delayed bringing the cross-complaint to trial because of a reasonable belief induced by the nature of the negotiations that a trial could probably be avoided, denial of the motion could be an abuse of discretion. However, demands by one party for settlement and consistent denials of liability and refusals to offer anything in settlement by the other party do not amount to negotiations such as would excuse delay in prosecuting the cross-complaint. (*Cameron* v. *Cameron* (1952) 110 Cal.App.2d 258, 261-262 [242 P.2d 408.)[5] Under the instant facts, we conclude that petitioners' unilateral attempts at settlement do not amount to excusable delay.

---

[5]In June 1985, RPI Mission renewed its motion for summary judgment which was denied. It constantly denied coverage to Russell & Williams and liability to petitioners.

If we were only required to consider petitioners' diligence, we would at this juncture affirm the trial court's order without further discussion. However, we must consider the remaining factors under *Salas* in order to determine whether they overcome petitioners' lack of diligence and unexcusable delay in moving the case to trial.

RPI did not claim actual prejudice in their response to the two motions for preference. By declaration in this proceeding, they assert that since the setting of the trial date they have designated insurance experts and have set dates for the depositions to be taken in regard to the complex issues of insurance coverage. They further assert that it would have been difficult to complete discovery and pretrial preparation prior to November 5, 1986, the expiration date of the three-year statutory period. Although these matters were not raised in response to the motions and are not properly to be considered here, we must conclude that some degree of prejudice would have resulted merely because of the relatively short period of time in which to actually prepare for trial, had the motion been granted.

The remaining factors from the record before us favor petitioners. We do not know the condition of the court's civil calendar. However, court congestion was apparently not of importance, as the action was set for trial only 20 days after the expiration of the three-year statutory period. By denying the motion and setting the action for trial beyond the three-year period, the trial court exposed petitioners to mandatory dismissal under the statute on motion of the court or RPI (§ 563.360). To avoid dismissal, petitioners would have to show that it was impossible, impracticable, or futile to have brought the action to trial within the period. (§ 583.340, subd. (c).)

We recognize that "[i]t is the policy of the law to dispose of litigation on its merits rather than on procedural grounds." (*Dick* v. *Superior Court, supra,* 185 Cal.App.3d 1159, 1168.) Further, section 583.130 provides in part that "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure" to prosecute an action with reasonable diligence. However, we conclude that although the interests of justice weigh heavily against disposing of litigation on procedural grounds, that policy will necessarily prevail *only* when plaintiff makes some showing of excusable delay. (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d 342, 347.) Inexcusable delay by petitioners, coupled with some prejudice to RPI, could outweigh the other factors considered by the trial court even if it results in an inevitable dismissal of the action.

In situations where the trial judge has either by express statute or by rule of policy a discretionary power to decide the issue, the exercise of discre-

tion will not be disturbed unless it is abused. While we may have ruled differently had we heard the motion, the appellate court may not substitute its own view as to the proper decision. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 275, p. 286.) "To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice." (*Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018].) This did not occur.

## III

In view of our decision, it is unnecessary for us to fully discuss RPI's assertion that the second motion by petitioners should have been made as a motion for reconsideration of the first motion under section 1008. Suffice it to say, the trial court denied the original motion, without prejudice to its renewal. It is obvious to us that this was for the purpose of allowing petitioners to expand their declarations, which they did, for further consideration in light of the *Salas* decision which was filed two days after petitioners filed their original motion. Petitioners were obviously somewhat surprised by the *Salas* decision which held that cause is not established as a matter of law when a special trial setting is necessary to avoid dismissal under section 583, subdivisions (b) or (c) (now in substance reenacted in §§ 583.310-583.360).

## DISPOSITION

The order of the trial court is affirmed. The petition for a peremptory writ of mandate is denied. The stay order is vacated, and the alternative writ is hereby discharged. RPI shall recover costs.

Campbell, P. J., and McDaniel, J., concurred.