Filed 1/10/14  Law Offices of Marvin L. Mathis v. Lotta CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LAW OFFICES OF MARVIN L. MATHIS,<br><br>                                    Appellant,<br><br>          v.<br><br>MICHAEL A. LOTTA,<br><br>                                    Respondent. | B248251<br><br>(Los Angeles County<br> Super. Ct. No. TC026559) |

APPEAL from the order of the Superior Court of Los Angeles County.  William P. Barry, Judge.  Affirmed.

Marvin L. Mathis for Appellant.

Michael A. Lotta, in pro. per., for Respondent.

\* \* \* \* \* \* \* \* \* \*

This is a dispute over the apportionment of attorney fees between the former and subsequent attorneys for the plaintiffs in the underlying superior court action titled *Tommy Carter et al. v. JVS Transportation et al.*, case No. TC026559.

Appellant Law Offices of Marvin L. Mathis filed a wrongful death action on May 23, 2012, on behalf of three siblings (one minor and two adults) whose mother had been killed in an automobile accident a week earlier. In October 2012, the plaintiffs discharged appellant and substituted respondent Michael A. Lotta as their new counsel.[1] About a week later, defense counsel indicated at the case management conference that the case could be settled for the policy limits.

The case was thereafter settled on behalf of all three plaintiffs, with $500,000 the agreed-upon amount for the minor plaintiff. Some five months later, on March 21, 2013, the court held a hearing on a petition to approve the compromise of the minor plaintiff's claim. At the hearing, the court requested appellant and respondent to submit additional briefing on the issue of the proper apportionment of fees between them, and took the matter under submission. Appellant submitted a declaration, a copy of the retainer agreement, a document referencing work performed on the case, and copies of receipts reflecting costs he had advanced on the case. Respondent also submitted a brief.

On April 12, 2013, the court issued its order apportioning attorney fees from the minor plaintiff's settlement as follows: $115,000 to respondent and $10,000 to appellant. The court also allowed recoverable costs in the amount of $334.95.

Appellant then filed this appeal challenging the court's apportionment of fees, arguing he performed the majority of the work to accomplish the settlement and therefore was entitled to a majority percentage of the recoverable fee. The order is an appealable order, despite respondent's suggestion, without authority, to the contrary. (See *Breckler*

---

[1]     The minimal clerk's transcript provided by appellant does not contain the substitution form for the minor plaintiff, but the parties appear to be in agreement that *all* three plaintiffs discharged appellant, and respondent became their new counsel in October 2012. The substitution forms were executed by the adult plaintiffs and respondent in August 2012, but appellant did not sign the forms until October 2, 2012.

*v. Thaler* (1978) 87 Cal.App.3d 189, 193-194 [order apportioning fees between cocounsel in a personal injury action was appealable as a final order after judgment, and attorneys were parties to the record with respect to the collateral fee order]; see also Code Civ. Proc., § 904.1, subd. (a)(2).)

We begin with the well-established foundational premise that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error *must be affirmatively shown*. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564, second italics added; accord, *Moreno v. City of King* (2005) 127 Cal.App.4th 17, 30 [where appellant brought up inadequate record, appellate court presumed trial court had been presented with "a sound basis" for implied finding that appellant had not incurred certain costs and affirmed trial court's denial of same].) And, unless otherwise shown, "it is presumed that the court followed the law." (*Wilson v. Sunshine Meat & Liquor Co*. (1983) 34 Cal.3d 554, 563.)

Moreover, it is the appellant's duty to present an adequate record from which reversible error is affirmatively shown. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704; see also Cal. Rules of Court, rule 8.120.)

Here, appellant argues entitlement to a new hearing on the apportionment of attorney fees recovered from the minor plaintiff's settlement proceeds. However, appellant elected to present a limited clerk's transcript and no reporter's transcript as the entirety of the record on appeal. The petition for approval of the minor's compromise was not designated or included in the record. Only the court's final order approving the petition was included in the clerk's transcript.

The record reflects the guardian ad litem for the minor plaintiff and the adult plaintiffs appeared, and apparently testified, at the March 21, 2013 hearing on the petition, at which the issue of attorney fees was discussed and which ended with the trial

court requesting further briefing from appellant and respondent as to the apportionment of fees. At oral argument, appellant represented that no reporter was requested to record the hearing and therefore no transcript of the proceedings exists.

Appellant's request for attorney fees, both in the trial court and on appeal, is based exclusively on his brief, and his conclusory declaration and document titled "Legal Services Performed by Law Offices of Marvin L. Mathis." That document purports to itemize appellant's work, but includes numerous entries such as "08/23/2012 Response to Tracy Goldberg by Atty. Mathis." There is nothing explaining what this means in terms of work performed or how long it took. There is nothing in appellant's declaration or paperwork which provides a fair estimate of hours worked, a reasonable hourly fee or the customary fee earned by appellant, or anything supporting a reasonable basis for awarding appellant additional fees. At oral argument, appellant conceded he did not provide the trial court with any estimate of the reasonable hours worked in representing the plaintiffs, contending the court did not specifically request it.

The court's order apportioning fees is reviewed for abuse of discretion, and appellant argues primarily that the court abused its discretion because the mere lack of detailed time records itemizing work is not fatal to an award of reasonable fees based on the attorney's testimony. It is true that fee awards do not always require the presentation of detailed time records; an attorney's fair estimation of hours worked based on personal knowledge and then multiplied by a reasonable hourly rate may properly support a fee award. (See *Mardirossian & Associates v. Ersoff* (2007) 153 Cal.App.4th 257, 269-270.)

However, appellant concedes he did not provide the court with anything equating with a fair approximation of hours worked or a reasonable rate of pay. Instead, the court was presented with appellant's bald assertion that he performed the bulk of the work resulting in the settlement achieved and that the retainer agreement entitled him to the lion's share of the fees earned. The trial court was also presented with a petition prepared by respondent as to his request for fees relative to the work he performed after substituting into the case. And, the court had the court records and testimony from the plaintiffs and guardian ad litem which undermined the validity of appellant's retainer

4

with the plaintiffs, as well as the propriety of the previous guardian ad litem for the minor plaintiff who was apparently an acquaintance of appellant's. The record shows appellant filed a timely complaint on behalf of plaintiffs and appears to have exchanged some correspondence with defense counsel over a period of a few months. The court asked for additional briefing from the lawyers and did not receive anything more substantial from appellant to justify an award of a significant portion of the recoverable fees. Appellant offers no explanation how the trial court was to calculate a reasonable quantum meruit recovery of fees (which appellant contends he was entitled to even if the retainer was invalid) in the absence of a fair estimation of hours worked.

"The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown." (9 Witkin, *supra*, Appeal, § 364, p. 420.) Nothing presented or argued by appellant supports a determination there was no reasonable basis for the court's apportionment of fees favoring respondent. Appellant has failed to submit an adequate record and has wholly failed to affirmatively show error or any grounds for relief. On this record, we cannot fairly assess whether the trial court abused its discretion in apportioning fees between appellant and respondent. The order apportioning fees must therefore be affirmed.

## DISPOSITION

The order of April 12, 2013, is affirmed. Respondent is to recover his costs on appeal.

GRIMES, J.

We concur:

RUBIN, Acting P. J.          FLIER, J.

5