[No. F041528. Fifth Dist. Oct. 2, 2003.]

STANISLAUS COUNTY DEPARTMENT OF CHILD SUPPORT
SERVICES, Plaintiff and Appellant, v.
VIC ALLEN JENSEN, Defendant and Respondent.

454

**COUNSEL**

Bill Lockyer, Attorney General, James M. Humes, Assistant Attorney General, Frank S. Furtek and Mary Dahlberg, Deputy Attorneys General, for Plaintiff and Appellant.

Curtis & Arata and Rebecca A. Roberson for Defendant and Respondent.

## OPINION

**LEVY, J—**This appeal concerns whether a custodial parent's intentional concealment of a child that ends after the child reaches the age of 18 but while the child is still a full-time high school student estops the custodial parent from collecting child support arrearages from the noncustodial parent. The trial court concluded that respondent, Vic Allen Jensen, was relieved of his obligation to pay child support for his daughter, Brandi, from 1986 until March 30, 1998, because she turned 18 on March 12, 1998, and was concealed from him during that period. Appellant, Stanislaus County Department of Child Support Services (Department), contends that this concealment defense was not triggered by Brandi's 18th birthday because when Brandi contacted respondent he was still obligated to pay current child support under Family Code section 3901, subdivision (a).[1]

However, under *In re Marriage of Damico* (1994) 7 Cal.4th 673 [29 Cal.Rptr.2d 787, 872 P.2d 126], it is the custodial parent's concealment until the child reaches the age of majority, not concealment until the termination of the support obligation, that estops the custodial parent from later collecting child support arrearages. Therefore, the order will be affirmed.

### BACKGROUND

In 1985, the Kern County Superior Court filed an order setting respondent's child support at $150 per month beginning July 15, 1985. Respondent was also ordered to reimburse Kern County for public assistance received by Brandi in the amount of $2,625. However, on June 20, 1985, the Kern County Family Support Division sent respondent a letter informing him that his ex-wife, April Brittingham (Mother), was no longer in Kern County and therefore current support payments should not be sent to their office. Mother had moved to Virginia without informing either the Kern County District Attorney or respondent of her whereabouts. By 1992, respondent had paid the arrears owed to Kern County in full.

In March 1997, respondent received a letter from the Department advising him that Mother had requested the Department to collect child support. When respondent asked for Mother's address, the Department informed him that it could not be released. In May 1997, the Department sent a wage assignment to respondent's employer and began collecting current support and arrears.

On May 4, 1998, the Department registered the Kern County support order in the Stanislaus County Superior Court. According to the Department,

---

[1] All further statutory references are to the Family Code.

respondent owed child support arrears in the amount of $35,076.28, principal and interest, that accrued between August 1985 and March 31, 1998. Respondent has paid this amount in full.

Respondent learned of his daughter's location in August 1998. Mother sent a letter to respondent and gave him the address where he could write to Brandi. When asked what prompted her to write to respondent, Mother testified that Brandi was 18, and was "adult enough to find all this out on her own."

In December 2001, respondent filed a motion to determine arrearages. In his supporting declaration, respondent asserted that his daughter had been hidden from him until after she turned 18.

Following the hearing on respondent's motion, the trial court found that from 1986 until the child turned 18 Mother concealed the child's place of residence. Because of this concealment, the court ordered that respondent was relieved from his obligation to pay child support from 1986 to March 30, 1998.

## DISCUSSION

In *In re Marriage of Damico, supra,* 7 Cal.4th 673, the California Supreme Court considered whether a custodial parent's concealment of herself and her child until the child reached the age of majority gave rise to a defense to an action by the custodial parent for child support arrearages. The case involved a couple who were married in 1958, became parents that year, and divorced in 1960. The custodial parent allegedly concealed the child from 1960 to 1979.

Under these circumstances, the *Damico* court held that a parent who conceals himself or herself and the child until the minor reaches adulthood is estopped from later collecting child support arrearages for the time of the concealment. (*In re Marriage of Damico, supra,* 7 Cal.4th at p. 685.) The court noted that concealment effectively precludes the noncustodial parent from invoking or benefiting from the remedies for interference with visitation rights and "*precludes the very child support payments that the custodial parent later seeks to collect.*" (*Id.* at p. 683.) In finding this estoppel defense, the court relied on the unfairness of enforcing a judgment against a person who had no clear way of paying the monthly obligation because the custodial parent had gone into hiding. (*Ibid.*) However, the court expressly declined to decide what rule should apply in cases where the concealment ends while the child is still a minor, or where public assistance payments have been made or child support rights have been assigned to a county or other governmental

agency. (*Id.* at p. 685.) The court further observed that, because estoppel is an equitable defense, the equities might be different if the concealment were for a shorter time, especially if the innocent child particularly needed the arrearages. (*Ibid.*)

The issues that went unanswered in *Damico* were presented in *In re Marriage of Comer* (1996) 14 Cal.4th 504 [59 Cal.Rptr.2d 155, 927 P.2d 265]. There, the concealment, which lasted approximately seven years, ended when the oldest child was 12 years old. Additionally, the custodial parent had received public assistance during a portion of the time for which arrearages were sought.

In addressing the first issue, the *Comer* court reaffirmed the principle that " 'the actions of one parent should not diminish the *child's* right to support.' " (*In re Marriage of Comer*, supra, 14 Cal.4th at p. 517.) The court then concluded that ". . . a custodial parent's concealment of himself or herself and the child, which concealment ends when the child still is a minor, does not establish a defense to an action, brought on behalf of the child, for child support arrearages." (*Ibid.*, fn. omitted.)

Here, the concealment lasted 12 years and ended approximately five months after Brandi turned 18. Until appellant's wages were garnished in 1997, respondent had no clear way to pay his monthly obligation. As noted above, in 1985 respondent was instructed to stop making current support payments through the Kern County Family Support Division office. Thus, this case falls within the parameters of *In re Marriage of Damico, supra*, 7 Cal.4th 673. The concealment had been lengthy and Brandi had reached the age of majority before it ended.

■ The Department contends that Mother was not estopped from collecting the support arrearages because at the time the concealment ended respondent was still obligated to support Brandi under section 3901, i.e., Brandi was under 19 and was still a full-time high school student. Accordingly, the Department argues that Brandi could still have benefited from payment of child support.

However, in both *Damico* and *Comer* the court specified concealment until the "age of majority" as the benchmark for the estoppel defense. The age of majority is 18 years of age and older. (§§ 6501 and 6502, subd. (a)(2).) The court did not consider the termination of the noncustodial parent's support obligation as a factor.

Moreover, the equities favor relieving respondent from the arrears that accrued during the concealment. In 1985 it became impossible for respondent

to make the support payments, as Kern County refused to accept them. Then, in 1997, when Brandi was 17, Mother reappeared through a third party to collect support through a wage assignment. However, the concealment continued. By the time Brandi's location was revealed in August 1998, she was over 18 and thus respondent could no longer enforce his visitation rights. Further, under section 3901, Mother's and respondent's obligation to support Brandi would continue for no longer than approximately seven months, i.e., until Brandi's 19th birthday on March 12, 1999. Nevertheless, respondent was ordered to pay Mother over $35,000. Thus, under the facts presented here, the trial court properly found that Mother was estopped from collecting the child support arrears that accrued during the time that she concealed herself and Brandi.

The Department additionally challenges the trial court's order on the ground that the court failed to make any findings as to respondent's efforts to locate either Brandi or Mother. ■ Underlying an active concealment finding is a finding that the noncustodial parent made reasonably diligent efforts to locate the custodial parent and child. (*In re Marriage of Damico, supra,* 7 Cal.4th at p. 685.) However, since the trial court's order is presumed correct (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563 [194 Cal.Rptr. 773, 669 P.2d 9]), the Department is actually arguing that the reasonable diligence finding is not supported by substantial evidence.

The record reveals that Mother remarried but never gave respondent her married name. She informed respondent that she might move to Pennsylvania but actually moved to Virginia. When respondent contacted Mother's family, they were uncooperative. Respondent requested Mother's address from both the Kern County and the Stanislaus County District Attorney's offices but was told that the information could not be released. Respondent was unaware of the California parent locator service and could not afford a private investigator. Thus, applying the deferential substantial evidence standard and considering the evidence in the light most favorable to respondent, it must be concluded that the record supports the finding that respondent acted with reasonable diligence.

## DISPOSITION

The order relieving respondent from his obligation to pay child support from 1986 to March 30, 1998, is affirmed.

Ardaiz, P. J., and Dibiaso, J., concurred.