Filed 10/30/13  Washington-Allen v. Richardson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARBELLA WASHINGTON-ALLEN,<br><br>                    Plaintiff and Appellant,<br><br>          v.<br><br>EDDIE RICHARDSON et al.,<br><br>                    Defendants and Respondents. | B243431<br><br>  (Los Angeles County<br>   Super. Ct. No. NC055508) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Ross M. Klein, Judge.  Affirmed.

Marbella Washington-Allen, in pro. per.; and Ruth Rose for Plaintiff and Appellant.

Law Offices of George T. Kelly and George T. Kelly for Defendants and Respondents.

\* \* \* \* \* \* \* \* \* \*

Plaintiff and appellant Marbella Washington-Allen, appearing in propria persona, appeals from the judgment entered, following a court trial, in favor of defendants and respondents Eddie Richardson, Susie Kemp and Jenny Williams. Plaintiff argues the trial court failed to consider all of the evidence presented at trial, specifically that the court disregarded her expert's testimony. Plaintiff also argues the trial court's statement of decision, including the discussion of the credibility of the evidence offered by plaintiff, reveals judicial bias that deprived of her a fair trial. We affirm.

Plaintiff filed a notice of appeal seeking to challenge the judgment entered in favor of defendants. Plaintiff submitted a clerk's transcript which consists, in its entirety, of the superior court's civil case summary index, the trial court's one-page decision dated June 29, 2012, defendants' notice of the court's ruling, the judgment entered thereon and plaintiff's notice of appeal. To the extent plaintiff's opening brief before this court contains a statement of facts, defendants responded in their brief that it is, in most respects, accurate, even if incomplete. We endeavor to provide a summary of the material facts from these limited sources.

In January 2011, plaintiff filed a complaint against defendants stating claims for assault and battery arising from an incident that occurred at the parties' church. Defendants answered. The case proceeded to a court trial in May 2012, and took place over the course of two days. Plaintiff was represented by counsel at trial and testified in the case, along with several witnesses, including plaintiff's doctor (Dr. Simpson).

The trial court ruled in favor of defendants, finding that plaintiff failed to prove her case by a preponderance of the evidence. Of particular significance, the court explained, in its written ruling, the "oral testimony of the Plaintiff and her witnesses is minimized and counterbalanced by a lack of any independent supporting evidence." And, the "Defendants' evidence eviscerates the Plaintiff's position." The court expressly found the "defense witnesses to be more credible than the Plaintiff's witnesses based on their demeanor, articulate and consistent answers. The Plaintiff, in stark contrast, had selective recollection and was evasive."

Plaintiff appealed, arguing what can only be described as a challenge to the sufficiency of the evidence in support of the judgment and to the trial court's resolution and weighing of the credibility of the parties' respective witnesses. Plaintiff contends the court's decision reflects judicial bias in favor of the defendants and their witnesses.

In her opening brief, plaintiff provides no citations to the record in violation of California Rules of Court, rule 8.204(a)(1)(C). Plaintiff's designation of a clerk's transcript reflects she did not designate any documents to be included in the clerk's transcript except the judgment, the notice of appeal and designation of transcript form. Plaintiff also elected to proceed on appeal without any reporter's transcript of the trial proceedings from which appeals. On the court form, plaintiff checked the box providing, "I elect to proceed . . . [¶] . . . WITHOUT a record of the oral proceedings in the superior court. I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings."

We begin with the well-established foundational premise that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error *must be affirmatively shown*. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564, second italics added.) Further, unless otherwise shown, "it is presumed that the court followed the law." (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.) And, where, as here, "there has been a trial by the court without a jury it is ordinarily presumed that the court based its findings only upon admissible evidence." (*Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 606.)

Plaintiff wholly failed to affirmatively show error or any grounds for relief. An argument that is not supported with specific citations to the record may be deemed waived. (See *Ojavan Investors, Inc. v. California Coastal Commission* (1997) 54

Cal.App.4th 373, 391; accord, *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see also *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522 ["reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment"].)

Plaintiff's failure to provide any record of the proceedings or evidence received at trial mandates a rejection of her appeal, as we are unable to fairly evaluate plaintiff's contention regarding the evidence. (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [rejection of the defendants' claim based on failure to provide an adequate record to the court]; see also Cal. Rules of Court, rule 8.120(b).) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 987, 992; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 360, pp. 415-416 [no review of sufficiency of the evidence claim "unless an adequate record is brought up"].)

Moreover, assuming for the sake of argument we were able to reach the merits of plaintiff's appeal, the gravamen of plaintiff's argument is her dissatisfaction with the trial court's assessment of the evidence and witnesses, implied finding that Dr. Simpson's testimony was not credible or not entitled to much weight, and ultimate conclusion the evidence and witnesses presented by defendants were more substantial and credible on the issues before it. An appellate court defers to the trier of fact on issues of credibility. "[N]either conflicts in the evidence nor ' "testimony which is subject to justifiable suspicion . . . justif[ies] the reversal of a judgment, for it is the exclusive province of the [trier of fact] to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." ' [Citation.]" (*Oldham v. Kizer* (1991) 235 Cal.App.3d 1046, 1065; see also 9 Witkin, Cal. Procedure, *supra*, Appeal, § 365, pp. 421-

4

423.)  Plaintiff has not stated or substantiated any basis justifying a modification or reversal of the judgment.

## DISPOSITION

The judgment is affirmed.  Each party to bear its own costs on appeal.


GRIMES, J.

We concur:

RUBIN, Acting P. J.


FLIER, J.


5