Filed 1/30/14  Allen v. Allen CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| STANLEY F. ALLEN,<br><br>　　　　　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>INGRID ALLEN et al.,<br><br>　　　　　　　Defendants and Respondents. | B239310<br><br>(Los Angeles County<br>　Super. Ct. No. BP049505) |

APPEAL from an order of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Affirmed.

Stanley F. Allen, in pro. per., for Plaintiff and Appellant.

William A. Anderson for Defendant and Respondent Dorothy N. Williams.

\* \* \* \* \* \* \* \* \*

This consolidated appeal arises from two notices of appeal filed by appellant Stanley F. Allen, in propria persona. The appeal filed February 17, 2012, arising from civil case No. BC443476 was dismissed by order of this court on July 24, 2013, on the grounds the appeal was from a nonappealable order. We now address the remainder of the consolidated appeal: the appeal filed February 29, 2012, arising from probate case No. BP049505.

Appellant presented a minimal record, consisting only of one volume of a clerk's transcript containing documents primarily from the civil action (case No. BC443476), and no reporter's transcript. We endeavor to set forth the material facts germane to our discussion from these limited sources.

In probate case No. BP049505, letters of administration were filed in 1998 seeking authorization to administer the estate of decedent Atlena Battle. The probate proceeding was pending for a significant period of time due in part to the fact the original representative for the estate passed away before closing probate, cosuccessor administrators had to be appointed, accounting obligations were not timely complied with, and challenges and objections were raised by appellant. Final accounting proceedings took place, in part, in December 2011.

One of the parcels of real property at issue in the estate was a four-unit residential building located at 2949 South Raymond Avenue in Los Angeles (the Raymond Avenue property). Appellant claimed an interest in the Raymond Avenue property through his grandparents, Leon and Mamie Allen, who had, at one time, owned the property in joint tenancy with Ingrid Allen and William Allen. In the related civil action (case No. BC443476), appellant, also in propria persona, alleged various claims, including fraud and elder abuse resulting in the forging of deeds that illegally extinguished his interest in the Raymond Avenue property. Similar claims by appellant in other civil actions have not been successful. (See, e.g., *Allen v. Reifman* (Mar. 1, 2010, B212850) [nonpub.].)

By way of this appeal, appellant challenges the probate court's order of December 20, 2011 on the final accounting relative to the "order releasing money to attorney Anderson for distribution." Appellant's designation of a clerk's transcript, as

already noted above, focused on documents from the related civil action, and contains virtually no records from the probate proceeding, except for the court's case summary index, the court's order deeming the actions related, and several minute orders, including two dated December 20, 2011. Appellant elected to proceed on appeal without any reporter's transcript of any of the trial court proceedings. Respondent Dorothy N. Williams, the co-administratix for the estate, contends the probate court's order should be summarily affirmed because appellant failed to present an adequate record or to show any error.

We begin with the well-established foundational premise that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error *must be affirmatively shown*. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564, first italics in original, second italics added; accord, *Moreno v. City of King* (2005) 127 Cal.App.4th 17, 30 [where appellant brought up inadequate record, appellate court presumed trial court had been presented with "a sound basis" for implied finding that appellant had not incurred certain costs and affirmed trial court's denial of same].) Further, unless otherwise shown, "it is presumed that the court followed the law." (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)

Appellant wholly failed to affirmatively show error or any grounds for relief. It is the appellant's duty to present an adequate record and to affirmatively establish reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704; see also Cal. Rules of Court, rule 8.120.) Nothing in appellant's opening brief, or the limited record presented, provides a legal or factual basis for finding the probate court committed any error or abused its discretion in issuing its December 20, 2011 order regarding the final accounting and disbursement of monies.

3

## DISPOSITION

The order of December 20, 2011 in probate case No. BP049505 is affirmed. Respondent Dorothy N. Williams shall recover costs on appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.

FLIER, J.

4