Filed 2/1/16  Estate of Battle CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| Estate of ATLENA BATTLE, Deceased. | B261329 |
| DOROTHY WILLIAMS et al., <br><br> Petitioners and Respondents, <br><br> v. <br><br> STANLEY F. ALLEN, <br><br> Objector and Appellant. | (Los Angeles County <br> Super. Ct. No. BP049505) |

APPEAL from an order of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Affirmed.

Stanley F. Allen, in pro. per., for Objector and Appellant.

No appearance for Petitioners and Respondents.

\* \* \* \* \* \* \* \* \* \*

This appeal is another in a long series of appellate challenges raised by appellant Stanley F. Allen, in propria persona, from the same underlying probate matter (case No. BP049505), as well as from multiple unsuccessful civil actions appellant has pursued against a myriad of defendants regarding his claimed interest in a parcel of real property located at 2949 South Raymond Avenue in the city of Los Angeles (hereafter the Raymond Avenue property).

By way of this appeal, appellant continues to attempt to relitigate his allegations of fraud and denial of a joint tenant interest in the Raymond Avenue property, stemming from a partition action filed in 2003 by his cousin Ingrid Allen (case No. BC298286, the "partition action").

In this present appeal, appellant has once again presented a minimal and inadequate record. The record consists only of a small volume of a clerk's transcript containing a select number of documents from the underlying probate matter (case No. BP049505), and one volume of a reporter's transcript containing an eight-page transcript of a *July 2004* hearing in the partition action. We endeavor to cull the facts germane to our discussion from these limited sources, as well as from our review of the filed opinions in the related appeals titled *Allen v. Reifman* (Mar. 1, 2010; B212850) [nonpub.], and *Allen v. Allen* (Jan. 30, 2014; B239310) [nonpub.]. On our own motion, we take judicial notice of those decisions. (See Evid. Code, § 452, subd. (d)(1); *Deschene v. Pinole Point Steel Co*. (1999) 76 Cal.App.4th 33, 37, fn. 2.)

Appellant was not a named party to the partition action or identified as a holder of any interest in the Raymond Avenue property. On April 4, 2005, the trial court confirmed the partition of the Raymond Avenue property and approved the final report of the referee. (*Allen v. Reifman*, *supra*, B212850, p. 2.) The proceeds of the sale were apparently distributed to the identified owners, without any participation by defendant.

Despite the fact he was not a party to the action, appellant appealed the final judgment in the partition action. His appeal was dismissed on the court's own motion because appellant " 'having not been a party to the cause of action in the trial court and not being an interested person as defined by Probate Code sec[tion] 48 lacks standing to

appeal from the judgment of the trial court. [Citations.]' [Citation.]" (*Allen v. Reifman*, *supra*, B212850, p. 3.)

Appellant then raised his claim to the Raymond Avenue property in the underlying probate matter (case No. BP049505) where he was similarly unsuccessful. Letters of administration were originally filed in case No. BP049505 in 1998. One of the properties included in the probate estate was the Raymond Avenue property. (*Allen v. Allen*, *supra*, B239310, p. 2.) "Appellant claimed an interest in the Raymond Avenue property through his grandparents, Leon and Mamie Allen, who had, at one time, owned the property in joint tenancy with Ingrid Allen and William Allen. In the related civil action (case No BC443476), appellant, also in propria persona, alleged various claims, including fraud and elder abuse resulting in the forging of deeds that illegally extinguished his interest in the Raymond Avenue property." (*Ibid*.)

Appellant's most recent appeal in case No. B239310 challenged the probate court's December 20, 2011 final accounting in that action. In our January 30, 2014 unpublished decision in *Allen v. Allen*, we affirmed the probate court's order. (*Allen v. Allen*, *supra*, B239310, p. 4.)

Following issuance of the remittitur in case No. B239310 on April 8, 2014, and the denial of appellant's motion to recall the remittitur, appellant filed yet another petition in the underlying probate matter, seeking to reopen the issue of title to the Raymond Avenue property. On November 13, 2014, appellant filed a "petition to establish death of joint tenants" pursuant to Probate Code section 200. Appellant purported to seek an order establishing the dates of death of 13 separate individuals with alleged dates of death ranging from 1960 through 2006 in order to "recover his beneficial interest" in the Raymond Avenue property.

On December 31, 2014, the probate court denied appellant's petition "with prejudice." Appellant filed a notice of appeal from the probate court's "12/31/2014" order denying his petition.

In violation of California Rules of Court, rule 8.204(a)(2)(B), appellant has failed to explain whether the December 31, 2014 probate order is appealable. "Generally,

rulings in probate proceedings are not appealable unless expressly made appealable by statute." (*Estate of Martin* (1999) 72 Cal.App.4th 1438, 1441-1442.) "However, it is well established that a probate order's appealability is determined not from its form, but from its legal effect." (*Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755.) Appellant's appeal of the denial of his petition appears to be arguably appealable pursuant to Probate Code section 1300, subdivision (k), as akin to an appeal of an order on a petition under section 850. While appellant titled his petition as a petition to establish dates of death under section 200, the gist of his petition was to again make a claim against the probate estate for his alleged joint tenant interest in the Raymond Avenue property. We therefore will address the merits.

Nonetheless, appellant's appeal wholly lacks merit. As a foundational premise, it is well established that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error *must be affirmatively shown*. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564, second italics added; accord, *Moreno v. City of King* (2005) 127 Cal.App.4th 17, 30 [where appellant brought up inadequate record, appellate court presumed trial court had been presented with "a sound basis" for implied finding that appellant had not incurred certain costs and affirmed trial court's denial of same].) Further, unless otherwise shown, "it is presumed that the court followed the law." (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)

Plaintiff failed to affirmatively show error or any grounds for relief. Plaintiff's largely unintelligible brief cites to Code of Civil Procedure section 473 and the authority of the trial court to set aside a void judgment or order. There is no citation to relevant portions of the record or legal argument supporting reliance on section 473 as a basis for *any* form of relief to appellant with respect to the probate court's order of December 31, 2014. It is the appellant's duty to present an adequate record and to affirmatively establish reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; 9 Witkin,

4

Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704; see also Cal. Rules of Court, rule 8.120.)  Nothing in appellant's opening brief, or the limited record presented, provides a legal or factual basis for finding the probate court committed any error in denying with prejudice appellant's petition to "establish dates of death."

## DISPOSITION

The order of December 31, 2014, in probate case No. BP049505 is affirmed.


GRIMES, J.


WE CONCUR:


BIGELOW, P. J.


FLIER, J.