Filed 3/1/21  Marriage of Ball CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of MARK G. and DEBORAH P. BALL. | |
| MARK G. BALL, Respondent, v. DEBORAH P. BALL, Appellant. | F077405 (Super. Ct. No. R-1502-FL-7957) **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Deborah P. Ball, in pro. per., for Appellant.

Roger I. Stein for Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P.J., Meehan, J. and Snauffer, J.

Appellant, a self-represented litigant, filed this appeal after entry of a judgment of dissolution, contending the trial court abused its discretion by failing to address her request for sanctions for breach of fiduciary duty. She requests a remand so the trial court can consider and rule on her sanctions request.

Under the applicable rules of appellate procedure, we are required to presume the trial court considered and impliedly denied her request for sanctions. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 (*Arceneaux*).) Appellant has not overcome this presumption by affirmatively demonstrating the trial court failed to rule on her request. For instance, she has not shown she objected to the trial court's written tentative ruling on the ground it did not address her sanctions request. Also, appellant's motion for reconsideration did not object to the omission of an explicit ruling on the sanctions issue.

We therefore affirm the judgment.

## BACKGROUND

Appellant Deborah P. Ball and respondent Mark G. Ball were married in January 2001. Mark filed a petition for legal separation from Deborah in October 2013. In February 2014, a judgment of legal separation was filed, which attached the parties' legal separation agreement.

In March 2014, Mark filed a petition for dissolution of marriage. In December 2014, the trial court set aside the legal separation agreement, determined the payments Mark had made under the agreement would be credited to him at the time of trial, and awarded Deborah attorney fees and costs of $2,500.

On September 10, 2015, Deborah filed a request for order to compel discovery, attorney fees and sanctions. After continuances, the request for attorney fees and sanctions was denied.

In March 2016, the trial court set a June 2016 trial date. Subsequently, the court continued the trial date to August 16, 2016.

2

On May 20, 2016, Deborah filed a request for order for spousal support and attorney fees. At the time, Mark was sending Deborah $2,500 per month pursuant to an agreement that estimated her share of their rental income. On May 25, 2016, the parties stipulated and the court ordered that Mark would pay an additional $1,000 for spousal support for June, July and August, which was the month of the scheduled trial. The minute order stated "the matter[] of attorney[] fees shall be addressed at the time of trial."

In August 2016, the parties entered into several stipulations regarding the division of property. They also agreed that all bank records and expense receipts for the rental properties from January 2015 through July 2016 would be provided to Deborah's attorney no later than August 30, 2016. The trial was continued to October 25, 2016. In October, the trial was continued to November 22, 2016.

Mark's trial brief identified the issues as (1) rents from rental properties, (2) spousal support, and (3) attorney fees. Deborah's trial brief raised a number of issues, including Mark's failure to disclose information he controlled and her claims that Mark had breached his fiduciary duty.

On November 22, 2016, the trial court continued the trial to January 11, 2017, at which time the status of the appraisals of the real properties would be addressed. In addition, the court directed counsel for the parties to submit closing arguments in briefs filed by December 6, 2016.

On December 23, 2016, the trial court issued a tentative ruling on issues submitted. The tentative ruling addressed (1) the value of real and personal property, (2) retirement accounts, (3) airline miles, (4) spousal support, (5) rental income, (6) equalization payment, and (7) attorney fees. The tentative ruling stated Mark owed $58,493 to Deborah "as an equalization payment before real property values are included" plus an additional $388.83 for his share of the costs for an airline miles transfer. The tentative ruling also stated Mark would pay Deborah $25,000 for attorney

3

fees and costs. On December 30, 2016, the parties filed a stipulation setting the value of a piece of commercial real estate.

On January 11, 2017, the court acknowledged it had been provided with copies of the appraisals for all but one property. The court directed counsel to provide the court with a list indicating the value of each property based on the appraisals and who would be receiving each property. The minute order stated the parties' counsel could file a written objection to the tentative ruling issued on December 23, 2016. The court continued the trial to February 1, 2017, to allow the remaining appraisal to be submitted.

On January 27, 2017, Deborah filed her objections and requests regarding the tentative ruling. Based on the appraisals and the parties' agreement as to who would get which property, Deborah asserted Mark was getting real property worth $69,156 more than the real property she would receive. She also asserted Mark was receiving $28,200 more in personal property. Factoring in the community property rental income received by Mark and the amounts he had paid previously, Deborah stated she was owed a balance of $75,521. She also stated she was owed $46,500 in back spousal support. Deborah's objections and requests addressed attorney fees by reiterating the figure of $25,000 stated in the tentative ruling. The last two paragraphs of Deborah's objections and requests regarding the tentative ruling stated:

> "[Deborah] requests that the Court order Husband to provide a promissory note secured by the real property awarded to [Husband] to assure that she is paid the full amount she is entitled to receive.

> "At this time, [Deborah] has no other objections to the tentative Ruling of the Court."

Mark's objections to the tentative ruling addressed spousal support, issues of valuation of six items of personal property, airline miles, rental income and his entitlement to a management fee. His objections did not mention the proposed award of $25,000 in attorney fees.

4

On February 1, 2017, the parties entered a stipulation about the property appraisals. The trial court found the appraisals cost $4,585 and directed Deborah to reimburse Mark for half of the cost. The court allowed counsel to submit written closing arguments by February 15, 2017, and stated the case would be under submission as of that date. Deborah filed a closing argument that did not mention sanctions, although it did argue the cooperation or animosity between the spouses was a factor to be considered in dividing the community property.

On March 2, 2017, the trial court issued its written ruling. The ruling stated Mark owed Deborah $74,906.08 as of March 1, 2017. In addition, like the tentative ruling, it stated Mark was to pay Deborah $25,000 for attorney fees and costs and did not mention Deborah's request for sanctions.

On March 16, 2017, Deborah filed a motion for reconsideration. She asserted: "The Court equalized all other property and debts between the parties on its Ruling except for the net values of the real property." Deborah requested "that the Court reconsider its Ruling or, in the alternate, correct the clerical error and award [her] an amount equalizing the division of the parties." Deborah's motion for reconsideration did not raise the issue of sanctions.

The next day, Mark filed a request for reconsideration, stating that "there are several very large financial discrepancies in the Ruling and the Court did not have proper information to make some of [the] orders." Mark asked to be allowed to present evidence and testify.

A hearing on the motions for reconsideration was set for April 2017. The April 19, 2017 minute order stated the motions to reconsider were filed late but "the court will allow both sides to reopen on the issues they brought up in their moving papers only." The minute order reiterated this point, stating: "The court makes it very clear to both sides the only issues being reconsider[ed] are the issues addressed in their moving

5

papers, not the entire case." The matter was continued to June 2017 for the parties to exchange tax information.

In June 2017, the parties stipulated to continue the hearing to September 12, 2017. The court approved the stipulation and allowed the parties to file briefs prior to the hearing. Deborah's brief argued:

> "[Mark] filed the dissolution, he presented his case first and when [Deborah] objected to [Mark] not disclosing information, the Court made a ruling as best as it was able considering the fact that [Deborah] had no way of getting the information and [Mark] had a duty to disclose full information. It is not equitable that [Deborah] is now back in court months later running up her attorney fees because [Mark] has continued to breach his fiduciary duty in disclosing the complete accounting of the community assets he was ordered to manage."

Deborah's brief did not mention sanctions for this alleged breach of fiduciary duty.

At the September 12, 2017 hearing, the parties testified and submitted evidence. Both parties were represented by counsel. The court took the matter under submission and issued its ruling on September 26, 2017.

On February 14, 2018, the trial court entered a judgment of dissolution terminating the marital status of the parties as of that date. The judgment included its September 2017 ruling as an attachment. The attachment addressed issues involving (1) the division of airline miles, personal property, real property and retirement accounts, (2) spousal support, (3) rental income, and (4) attorney fees. The last page of the judgment's attachment included the signatures of Mark, Deborah and their respective attorneys immediately below a line stating: "Approved as to form and content." The four signatures were dated in early February 2018.

The judgment included the determination that Mark owed Deborah $50,645.50 to equalize the division of assets and liabilities. The court also awarded Deborah attorney fees of $30,000, "which includes the additional $5,000 as was ordered in the recent ruling

6

of 9-12-2017." With attorney fees and two other adjustments, the total Mark owed Deborah was $80,695. On April 12, 2018, Deborah, representing herself, filed a notice of appeal from the judgment after court trial.

## SUMMARY OF PROCEEDINGS

Deborah's opening brief contends the trial court's failure to address her request for sanctions was prejudicial. In light of Deborah's contention, we summarize here some of the instances when this omission could have been raised in the trial court.

First, the trial court issued a tentative ruling on December 23, 2016, and gave the parties an opportunity to submit objections. The tentative ruling did not address Deborah's request for sanctions and, therefore, Deborah could have raised that omission in her written objections. The written objections she filed on January 27, 2017, did not mention her request for sanctions had not been addressed.

Second, Deborah filed a written closing argument on February 15, 2017. It did not mention sanctions.

Third, the trial court's March 2, 2017 ruling did not address sanctions. The motion for reconsideration Deborah filed later that March did not raise the failure to address sanctions.

Fourth, in February 2018 the judgment and attachment were circulated for approval as to form and content. Deborah and her attorney signed off instead of objecting to the absence of an explicit ruling on Deborah's request for sanctions.

## DISCUSSION

A fundamental rule of appellate procedure states the "judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*Arceneaux*, *supra*, 51 Cal.3d at p. 1133.) A corollary of the presumption of correctness is that the appellant has the burden of

7

affirmatively demonstrating error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566.)

The presumption of correctness produces another corollary addressing the subject of this appeal—an omission from a judgment or order. Specifically, when a judgment or order is silent on a particular question, the reviewing court must presume the trial court decided the matter in a way that supports the judgment or order. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.) Thus, "[t]he mere fact that the court did not explicitly refer to [an issue or rule] does not support the conclusion that it was ignored." (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)

The application of the foregoing principles of appellate procedure to the present appeal requires us to conclude that the trial court impliedly denied Deborah's request for sanctions. Therefore, we cannot accept Deborah's assertion that the trial court erred by failing to resolve her request for sanctions.

As described in *Arceneaux*, *supra*, 51 Cal.3d at page 1133, the inferences in favor of a judgment may be avoided by the means set forth in Code of Civil Procedure sections 632 and 634. First, a party may request a statement of decision to obtain an explicit ruling on one or more issues. (*Arceneaux*, *supra*, 51 Cal.3d at p. 1133.) Here, Deborah did not request a statement of decision. Second, when a statement of decision omits an issue, the party must object to the omission. (*Ibid*.) If "a party does not bring such deficiencies to the trial court's attention, [she] waives [her] right to claim on appeal that the statement was deficient in these regards." (*Id*. at pp. 1133–1134.) Under this rule, Deborah is deemed to have waived her contention that the court failed to address her request for sanctions. As described earlier in the "SUMMARY OF PROCEEDINGS," Deborah had many opportunities to raise the absence of an explicit ruling on her request for sanctions and failed to do so.

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.